IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD

| | | |
|---|---|---|
| Larry Hockman, | ) | C. A. No. 8:09-cv-02073-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER AND OPINION |
| Michael J. Astrue, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for social security disability insurance benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 401–33. This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ["Report," Doc. 16], filed on September 15, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

**I.     Procedural Background**

Plaintiff applied for DIB on August 26, 2005, with an alleged onset-of-disability date of January 15, 2000. His application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on July 17, 2007, and issued an unfavorable decision on September 27, 2007, finding Plaintiff was not disabled within the meaning of the Act. The Appeals Council adopted the ALJ's decision on June 8, 2009, making the ALJ's decision final for purposes of review. Plaintiff filed this action seeking review of the Commissioner's decision. The Magistrate Judge to whom this matter was referred filed a detailed and comprehensive Report on September 15, 2010, in which she recommended that the Commissioner's decision be affirmed. The parties were advised of their rights to file specific written objections to the Report. Plaintiff filed objections on October 14, 2010 [Doc. 20], to which the Commissioner responded on October 28, 2010 [Doc. 24]. This matter is ripe for review.

## II.   Discussion

### A.   Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically

2

accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

B.  Analysis

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 416(i)(1).

In her Report, which is incorporated herein by reference, the Magistrate Judge sets forth the relevant facts and legal standards, which will not be repeated herein. The Report considered and evaluated the following arguments that Plaintiff set forth in his principal brief: (1) the ALJ erred by not following applicable law in considering Plaintiff's subjective complaints of pain and in evaluating his credibility; and (2) the ALJ erred in determining that Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work and in relying on the Medical-Vocational Guidelines ("the Grids") in determining Plaintiff's disability status. Setting out applicable legal standards and applying them to the record evidence, the Magistrate Judge recommended a finding that the ALJ properly considered Plaintiff's credibility and his complaints of pain in determining the impact of his alleged pain on his ability to work. The Magistrate Judge also considered Plaintiff's claim that the ALJ erred by relying solely on the Grids and not obtaining the testimony of a vocational expert ("VE") in determining Plaintiff's disability status.  The Magistrate Judge recommended that the court affirm the ALJ's

determination, finding he appropriately evaluated Plaintiff's credibility and cited to substantial record evidence in determining Plaintiff could perform the full range of sedentary work.

          1.      Plaintiff's Objection Regarding the ALJ's Evaluation of His Credibility and Subjective Complaints

Plaintiff objects to the Magistrate Judge's finding that the ALJ appropriately evaluated Plaintiff's credibility in the context of his subjective complaints and properly evaluated his RFC. Pl.'s Objections at 4–9. Plaintiff argues that the ALJ violated the requirements of *Craig v. Chater*, 76 F.3d 585, 596 (4th Cir. 1996), because he did not "expressly consider the threshold question of whether [Plaintiff] had demonstrated by objective medical evidence an impairment capable of causing the [limitations] [he] alleges." Pl.'s Objections at 8.

The ALJ's decision, however, does make that determination. After setting out the proper, two-step standard to be used when evaluating subjective claims, the ALJ followed that standard, and found the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could have been reasonably expected to produce some of his alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible.

Tr. at 15. Further, the Magistrate Judge noted that the ALJ "expressly recognized and applied" the *Craig* standard in evaluating Plaintiff's subjective complaints. Report at 7. Plaintiff's objection is overruled.

          2.      Plaintiff's Objection Regarding the ALJ's Reliance on the Grids

Plaintiff's second objection focuses on the ALJ's reliance on the Grids to find Plaintiff was not disabled, claiming error by the Magistrate Judge in that she supported the ALJ's finding. Pl.'s Objections at 9–12. More specifically, Plaintiff claims that his pain was an exertional impairment that required the ALJ to obtain VE testimony to determine his ability to work.

4

The Magistrate Judge's Report provides a comprehensive discussion of Plaintiff's argument on this point. *See* Report at 5–7. If a claimant has only nonexertional impairments that prevent him from performing the full range of work at any given level, the Commissioner may rely solely on the Grids in assessing ability to work. *See Aistrop v. Barnhart*, 36 Fed. App'x 145, 146 (4th Cir. 2002). If he also suffers from exertional impairments, the ALJ may look to the Grids only as a guide. *Aistrop*, 36 Fed. App'x at 147.

In alleging error, Plaintiff focuses on pain as being a nonexertional impairment and claims the ALJ erred by not considering whether Plaintiff's pain could be nonexertional. The Magistrate Judge analyzed that issue at length, noting the following:

> [T]he mere presence of a non-exertional limitation does not eliminate reliance on the Grid Rules; the limitation must actually erode the plaintiff's ability to perform a full range of a particular level of work. Here, the ALJ found that the plaintiff's residual functional capacity allowed him "to perform the full range of light work, i.e., [his] residual functional capacity was not reduced by any nonexertional factors." *Aistop*, 36 Fed. App'x at 147.

Report at 6. In his treatment of Plaintiff's complaints, the ALJ did not find Plaintiff's pain eroded his ability to perform the full range of sedentary work. Plaintiff disagreed and challenged the ALJ's credibility determination. Report at 6.

The Magistrate Judge then discussed in detail the ALJ's evaluation of Plaintiff's complaints and found the evaluation was proper and based on substantial evidence. Report at 9–10. The court finds that the Magistrate Judge's thorough evaluation of this issue was appropriate and satisfied applicable legal standards. Plaintiff's objection is without merit.

      3.    Plaintiff's Objection Regarding the ALJ's Consideration of Plaintiff's Disability Ratings from the Veteran's Administration

Plaintiff's third objection also focuses on the ALJ's decision, rather than specific findings in the Report. Plaintiff argues the ALJ erred by not considering "evidence and findings" in disability ratings the Veteran's Administration (VA) gave Plaintiff in 1997 and 2000. Pl.'s

5

Objections 12–14. Plaintiff did not raise this issue in her appellate brief, and the court need not consider it. *See Hemingway v. Speights*, C/A No. 3:08-00849-GRA, 2009 WL 302319 (D.S.C. Feb. 6, 2009) (not considering new argument raised in objection, noting parties should not be permitted to present one version of case to a magistrate judge and another to district court in objections to magistrate judge's report). Even considering this new argument, the Commissioner's decision must be affirmed.

In 1997, the VA determined Plaintiff had a 20% disability rating based on "recurring attacks of moderate intervertebral disc syndrome." Tr. at 347–48. In 2000, the VA re-evaluated his disability status and found he was 40% disabled. Tr. at 334. Plaintiff concedes that the VA's disability findings are not binding on the Commissioner. Pl.'s Objections at 14. Plaintiff argues, though, that the VA's disability findings offer evidence that impacts the relevant time period such that the ALJ erred by not explaining why he rejected the VA's findings. Pl.'s Objections at 14. Because this issue was not briefed below, the Magistrate Judge did not address it in the Report. *Cf.* Report at 10 (noting ALJ's decision supported by substantial evidence, noting ALJ's findings regarding Plaintiff's pain included consideration of the VA's 2000 disability rating of 40%).

The court finds Plaintiff's objection is without merit. Plaintiff argued that the ALJ could have utilized the VA disability information in his evaluation and should have discussed it in his decision. Pl.'s Objections at 14. The ALJ did discuss the VA's ratings in his decision, as follows:

> Furthermore, pursuant to Social Security Ruling 06-03p, the undersigned has considered the following findings of the Veteran's Department in regard to the claimant's disability: 1997 finding that the claimant's L5-S1 herniation with L4-5 degenerative changes resulted in a 20% disability; and 2000—finding that the claimant's L5-S I herniation with degenerative disk disease had increased to 40% disability effective January 2000. (Exhibits 1 F/221-23I). The undersigned finds that the receipt of such benefits provides some insight into the severity of the

> claimant's impairments and how they affect his ability to function. However, the undersigned is not bound by any disability determination of another agency, due to the fact that the other agency's finding is not based upon Social Security rules and regulations. (20 CFR §§ 404.1504 and 416.904). Nevertheless, the undersigned finds that the 40% disability finding is consistent with the claimant's ability to perform sedentary work activities through his date last insured.

Tr. at 16. Although Plaintiff may have preferred the VA ratings be interpreted another way, that is not the standard of review in this court. *See Vitek v. Finch*, 428 F.2d at 1157–58 (explaining court's function not to "try these cases de novo or resolve mere conflicts in the evidence."). The Commissioner's decision is supported by substantial evidence and is affirmed.

### III.    Conclusion

After a thorough and careful review of the record, including the findings of the ALJ, the briefs from Plaintiff and the Commissioner, the Magistrate Judge's Report, Plaintiff's objections thereto, and the Commissioner's response, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case.  The court adopts the Report of the Magistrate Judge and incorporates it herein by reference.  Plaintiff's objections are overruled.  For the reasons set out above and in the Report, the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
March 15, 2011
.